

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 2 2016

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| CELESTE ALEXANDER, | ) | Civil Action No. 5:16cv300-BSM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| PINE BLUFF SCHOOL DISTRICT | ) | |
| NO. 3, JEFFERSON COUNTY, | ) | |
| PINE BLUFF, ARKANSAS | ) | |
| | ) | This case assigned to District Judge _Miller_ |
| and | ) | and to Magistrate Judge _Ray_ |
| | ) | |
| MICHAEL NELLUMS, individually. | ) | |
| | ) | |
| Defendants. | ) | |

---

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Celeste Alexander, by and through undersigned counsel, and files this her Complaint for Damages, and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Arkansas Civil Rights Act, Ark. Code Ann § 16-123-101 *et seq*.

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

**PARTIES**

3.

Plaintiff Celeste Alexander ("Plaintiff" or "Alexander"), is a female citizen of Jefferson County, Arkansas and of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant Pine Bluff School District of Jefferson County ("Defendant" or "PBSD") is a public body corporate, pursuant to Ark. Code Ann. 6-13-102, in the State of Arkansas capable of suing and being sued. Its offices are in Pine Bluff, Jefferson County, Arkansas.

5.

Defendant PBSD may be served with process by delivering a copy of the summons and complaint to its superintendent Dr. T.C. Wallace Jr. at 512 South Pine Street, Pine Bluff, Arkansas 71601.

6.

Defendant Michael Nellums ("Defendant" or "Nellums")(collectively "Defendants") is an individual who served as the Principal of Pine Bluff High School, and at all times material hereto was the principal during Plaintiff's employment.

7.

Defendant Nellums may be served with process by delivering a copy of the summons and complaint to Pine Bluff High School, 711 W. 11th Street, Pine Bluff, Arkansas 71601.

8.

This Court has subject matter jurisdiction over the matters at issue.

9.

This Court has personal jurisdiction over Defendants.

10.

Venue for this action is proper in this Court.

11.

At all times mentioned herein, before and after, the persons responsible for perpetrating Plaintiff's discriminatory actions were agents, servants and employees of Defendant PBSD and were at all such times acting within the scope and course

of their agency and employment, and/or the actions were expressly authorized by Defendant PBSD and/or their actions were ratified by Defendant PBSD, thus making Defendant PBSD liable for said actions.

## ADMINISTRATIVE PROCEDURES

12.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

13.

The EEOC issued a "Notice of Right to Sue" on June 24, 2016, entitling an action to be commenced within ninety (90) days of receipt of that notice.

14.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

15.

Defendant PBSD is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII and has employed more than the requisite number of persons for the requisite duration under Title VII.

4

16.

Defendants PBSD and Nellums are now, and at all times relevant hereto, have been an employer as defined by the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101 *et seq.* ("ACRA").

17.

Plaintiff Alexander worked for Defendant PBSD from 2003 until 2015 as a full time math teacher or for summer sessions.

18.

Plaintiff Alexander has four college degrees, including a doctoral degree, and a valid Arkansas Teacher's License in the area of mathematics for grades 7-12.

19.

Defendant Nellums served as the principal of Pine Bluff High School where Plaintiff was employed and was her supervisor.

20.

In or around November 2014, Defendant Nellums began to sexually harass Plaintiff with unwelcomed sexual advances, comments, and touching.

21.

Defendant Nellums' sexual harassment and unwelcome advances consisted of, but are not limited to, inviting Plaintiff to his home; inviting her on dinner

5

dates; telling her "I need you in my life"; escorting her to her vehicle while touching her back; suggestively caressing her hand; and telling her to "make time in your schedule for me".

22.

Plaintiff Alexander rejected Defendant Nellum's advances and told him that he was being unprofessional, to "stop", and that he was being "inappropriate".

23.

As a result of Plaintiff's rejection, Defendant Nellums then retaliated against her by calling her to meetings where no one was present; ignoring her emails regarding legitimate education needs; increasingly scrutinizing her work performance; falsely accusing her of failing to follow directives; demanding that she resign; demoting her to a teacher's aide; taking students away from her guidance; terminating her employment under the guise of a reduction in force; and refusing to rehire her.

24.

In April 2015, Plaintiff was notified that she was being included in a Reduction of Force ("ROF").

6

25.

In April 2015, Plaintiff met with a representative of the Arkansas Education Association and complained of sexual harassment and retaliation regarding her inclusion in the Reduction of Force.

26.

On June 3, 2015, Plaintiff reported sexual harassment to her superiors through a grievance process complaining that she had been sexually harassed by Defendant Nellums, including unwelcome sexual advances, requests for sexual favors, verbal and physical harassment of a sexual nature, invitations to lunch, invitation to dinner, invitations to his home, and unwanted touching.

27.

In retaliation, Defendant Nellums filed a grievance against Plaintiff Alexander and affirmatively stated that Plaintiff Alexander "should never be eligible for re-employment in the Pine Bluff School district."

28.

Even though Plaintiff Alexander should have been rehired or called back to work from the Reduction of Force, she was told to look for another teaching job outside of the school district.

29.

Plaintiff Alexander was not called back from the ROF or rehired, because of her complaints of sexual harassment.

30.

Defendant PBSD did not conduct an investigation into Plaintiff's complaints of sexual harassment and retaliation.

31.

Others outside the Plaintiff's protected class were treated differently.

32.

Other teachers were hired by Defendant PBSD despite being lesser qualified than Plaintiff Alexander in violation of Defendant PBSD's Reduction of Force Policies.

33.

Other teachers from outside the school district were hired by Defendant PBSD.

34.

At all relevant times, Plaintiff Alexander performed her duties well and to the satisfaction of her superiors.

35.

Although Defendants purport to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

36.

Defendant PBSD was in the position to exercise reasonable and ordinary care and diligence to prevent Plaintiff from being subjected to unfair treatment, relations, and sexual harassment in the work place.

37.

During Plaintiff's employment with Defendant PBSD, Defendant PBSD failed to take appropriate measures to prevent retaliation and sexual harassment in the workplace.

38.

Defendants have voluntarily assumed a duty to investigate and remedy complaints of sexual harassment.

39.

Defendant PBSD delegates authority to supervisors over employees, including principal Nellum.

40.

Sexual harassment and retaliation should not be a risk of employment.

41.

Sexual harassment is socially harmful behavior.

42.

Plaintiff suffered harm due to her reliance on Defendant PBSD to prevent sexual harassment, including retaliation.

43.

Plaintiff relied to her detriment in the fact that Defendant PBSD undertook the duty to prevent sexual harassment and retaliation.

44.

Defendant PBSD's failure to exercise reasonable care increased the risk of harm to Plaintiff and other employees.

45.

Defendant PBSD's failure to exercise reasonable care caused the Plaintiff to suffer harm from the sexual harassment and retaliation for reporting sexual harassment.

46.

While employed by Defendant PBSD, Defendant Nellums sexually harassed individuals, including Plaintiff.

47.

Defendant PBSD was aware of Defendant Nellum's propensity to sexually harass its employees.

48.

The sexual harassment was severe or pervasive, altering the terms and conditions of Plaintiff Alexander's employment.

49.

Other similarly situated employees and co-workers of Defendant PBSD were sexually harassed by Defendant Nellums.

50.

Defendant PBSD ratified or acquiesced in Defendant Nellums' harassing and retalitory conduct, and therefore assumed liability for unauthorized conduct.

51.

Despite Plaintiff's complaints and Defendant PBSD's knowledge of the harassment, PBSD did nothing to prevent Defendant Nellums from harassing Plaintiff Alexander.

11

52.

Defendant Nellums used his position of authority to intimidate and persuade employees from complaining of his harassment and sexual advances to female employees.

53.

Defendants PBSD and Defendant Nellums created a hostile work environment that Plaintiff Alexander was required to endure as a condition of employment.

54.

Defendant PBSD chose not to take reasonable steps to prevent sexual harassment by Defendant Nellums from occurring, despite its knowledge of its employee's propensity for sexual harassment.

55.

Defendant PBSD ratified Defendant Nellum's harrsing and retalittory conduct, and therefore assumed liability for unauthorized conduct.

56.

Defendant PBSD employs Defendant Nellums as Principal and head of its Senior High School where Plaintiff was employed.

57.

Defendants PBSD and Defendant Nellums were Plaintiff's employer.

58.

Defendant Nellums took tangible actions against Plaintiff which included demoting her, terminating her, placing her in a Reduction of Force, refusing to rehire her, reducing her duties to Plaintiff's detriment, increasing scrutiny of her work performance, and filing an ethical grievance against her.

59.

On a consistent basis during Plaintiff's employment, Defendant Nellums subjected her to sexual harassment.

60.

Plaintiff was obligated to work in an atmosphere that was hostile by virtue of unsolicited and unwelcome sexual advances, comments, sex based comments, sexual innuendo and other sexually charged conduct. This sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a working environment that was intimidating, insulting and abusive to employees.

61.

Because Defendant Nellums is the alter ego of PBSD, Defendant PBSD is strictly liable for his conduct, and cannot avail itself of the Faragher/Ellerth affirmative defenses.

62.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of sex.

**CLAIMS FOR RELIEF**
**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964:**
**RETALIATION**
**(Defendant PBSD)**

63.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

64.

Defendant PBSD's actions in subjecting Plaintiff to termination and not being rehired following her complaints of sexual harassment constitute unlawful discrimination and retaliation on the basis of Plaintiff's gender in violation of Title VII.

65.

14

Defendant PBSD willfully and wantonly disregarded Plaintiff's rights, and its discrimination/retaliation against Plaintiff was undertaken in bad faith.

66.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her gender.

67.

As a direct and proximate result of Defendant PBSD's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

68.

Accordingly, Defendant PBSD is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination and retaliation.

69.

Defendant PBSD permitted its employee to act in a hostile manner towards Plaintiff and other employees, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

70.

As a direct and proximate result of Defendant PBSD's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health.

71.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991.

## COUNT II
## ARKANSAS CIVIL RIGHTS ACT: SEXUAL HARASSMENT
### (All Defendants)

72.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

73.

Defendants have violated the Arkansas Civil Rights Act by breaching Plaintiff's rights against equal protection by discriminating against Plaintiff Alexander based on her gender and sex, namely by allowing sexual harrasment in the workplace to occur against Plaintiff.

74.

As a direct and proximate cause of Defendants' acts or ommissions as alleged herein, Planitiff Alexander has suffered lost wages, compensatory damages, lost fringe benefits, lost earning capacity, negative references, and has incurrred attorneys fees and expenses that would not otherwise have been incurred.

75.

Defendants' conduct has been in willful, intenional, and knowing violation of law, meriting puntive damages.

**COUNT III**
**ARKANSAS CIVIL RIGHTS ACT:**
**RETALIATION**
**(All Defendants)**

76.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

77.

Defendants have violated the Arkansas Civil Rights Act by breaching Plaintiff's rights against equal protection by retaliating against Plaintiff for participating in the protected activity of opposing and reporting sexual harassment in the workplace and violations of Defendants' internal policies of sexual harassment, retaliation, and discrimination.

17

78.

As a direct and proximate cause of Defendants' retaliation, as alleged herein, Planitiff has suffered lost wages, compensatory damages, lost fringe benefits, lost earning capacity, negative references, and has incurred attorneys fees and expenses that would not otherwise have been incurred.

79.

Defendants' conduct has been in willful, intentional, and a knowing violation of the law, meriting punitive damages.

### COUNT IV
### OUTRAGE
### (All Defendants)

80.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

81.

Defendants willfully and wantonly caused severe emotional distress by directing extreme and outrageous conduct towards Plaintiff.

82.

The conduct of the Defendants with regard to the sexual harassment of Plaintiff Alexander and with regard to Plaintiff Alexander's complaints of sexual

harassment in the workplace goes beyond all possible bounds of decency, is atrocious, and is utterly intolerable in civilized society.

83.

Defendants' conduct was extreme and outrageous.

84.

Defendant PBSD allowed Plaintiff Alexander to be subjected to sexual harassment by a supervisor (Defendant Nellum), ignored complaints of harassment, and failed to take any corrective action.

85.

Defendants intended to inflict severe emotional distress or knew that it was a high probability that the conduct would do so.

86.

Defendant Nellum made willful and wanton decisions to daily subject Plaintiff Alexander to unwelcome sexual advances and retaliation.

87.

Defendants' conduct actually caused severe emotional distress.

88.

As a direct and proximate cause of Defendants' acts and omissions, as alleged herein, Plaintiff Alexander has lost wages, compensatory damages, lost

fringe benefits, lost earning capacity, and other damages in an amount to be proven at trial.

89.

Defendants' actions have been willful, such that Plaintiff Alexander is entitled to an award of liquidated and punitive damages.

90.

Defendants are liable for all general and special damages proximately resulting from the outrage (intentional infliction of emotional distress).

**COUNT V**
**PROMISSORY ESTOPPEL**
**(All Defendants)**

91.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

92.

Defendants have voluntarily assumed and undertaken the duty to prevent and eliminate sexual harassment and retaliation in the workplace.

93.

Therefore, Defendants have a legal duty to prevent and eliminate sexual harassment and retaliation in the workplace.

94.

The employer is in the best position to end sexual harassment and retaliation in its workplace.

95.

By implementing a sexual harassment and retaliation policy and disciplining employees for violations of the policy, sexual harassment retaliation is preventable.

96.

Employees depend on a harassment and retaliation free working environment.

97.

Defendant provided Plaintiff Alexander with a Handbook that included internal processes by which employees could seek remedy for violation of Defendant PBSD's policies regarding sexual harassment and retaliation.

98.

Plaintiff Alexander sought to invoke these processes by reporting violations of the sexual harassment and retaliation.

99.

Plaintiff Alexander regarded the procedures as outlined in Defendant PBSD's handbook as a promise to abide by federal law, state law, and Defendant's

own internal procedures regarding the reporting of sexual harassment and retaliation.

100.

Defendants intended for Plaintiff Alexander to regard Defendant PBSD's handbook as a promise that Defendants would abide by procedures for the reporting of sexual harassment and retaliation as delineated above and as discussed in Defendant PBSD's handbook.

101.

Plaintiff reasonably relied upon Defendants' promise to abide by its own procedures as outlined in Defendant PBSD's handbook.

102.

Defendants failed to abide by Defendant PBSD's own procedures as outlined in Defendant PBSD's handbook regarding the reporting of sexual harassment and retaliation.

103.

Due to Plaintiff Alexander's reliance on Defendants' promise to abide by the procedures as outlined in Defendant PBSD's handbook, Plaintiff Alexander has experienced an injustice in the form of retaliation, demotion, termination, failure to rehire, and has been damaged.

104.

As a direct and proximate cause of Defendants' acts and omissions, as alleged herein, Plaintiff Alexander has suffered lost wages, lost fringe benefits, lost earning capacity, and incurred other damages in an amount to be proven at trial.

105.

Defendants' actions have been willful, such that Plaintiff if entitled to liquidated and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendants' misconduct;

(b)     Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)      Declaratory relief to the effect that Defendants have violated

Plaintiff's statutory rights;

(h)      Injunctive relief of reinstatement, or front pay in lieu thereof,

and prohibiting Defendants from further unlawful conduct of

the type described herein; and

(i)      All other relief to which he may be entitled.

Respectfully submitted the 22nd day of September, 2016.

                          **BARRETT & FARAHANY**

                          /s/TK Smith

                          Tequiero M. "TK" Smith

                          AR Bar No. 2015259

                          *Attorney for Plaintiff Celeste Alexander*

1100 Peachtree Street, NE, Ste. 500
Atlanta, GA 30309
(404) 214-0120
tksmith@justiceatwork.com