IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CELESTE ALEXANDER**                                                                   **PLAINTIFF**

v.                      **CASE NO. 5:16-CV-00300-BSM**

**PINE BLUFF SCHOOL DISTRICT NO. 3,
JEFFERSON COUNTY, PINE BLUFF, ARKANSAS,
and MICHAEL NELLUMS, individually**                        **DEFENDANTS**

## ORDER

Plaintiff Celeste Alexander is awarded $100,000 in attorney's fees and $19,367.37 in costs. Although Alexander seeks $368,321 in fees and $23,927.63 in costs [Doc. No. 87], her requests are unreasonable.

### I. ATTORNEY'S FEES

Alexander argues that the loadstar method should be employed in determining the amount of fees to be awarded. With the loadstar method, the amount of time expended by counsel is multiplied by the hourly rates charged by counsel to produce the fee to be awarded. The loadstar method is a proven way to determine attorney's fees; however, the amount of time spent and the hourly rates charged by counsel herein are unreasonable. Because the time spent and hourly rates charged are so unreasonable, the loadstar method is not an effective way to determined the reasonable amount of fees to award. For this reason, the $100,000 fee is merely an attempt to correlate the fee to the outcome achieved.

Plaintiff states that counsel collectively spent 1,134.5 hours working on this case. That is the equivalent of 28.36 weeks, or approximately seven months. Although lawyers

could reasonably spend that amount of time on a highly contentious case involving many dueling motions, or a case involving difficult issues, or even a fairly simple case requiring a lengthy trial, this case falls in neither category.  This was a routine Title VII case that settled.  And the docket sheet supports this characterization.  Indeed, the only filings made by plaintiff are as follows: complaint on September 22, 2016 [Doc. No. 1]; summons on November 28, 2016 [Doc. No. 6]; affidavit of service on December 7, 2016 [Doc. No. 7]; report of Rule 26 planning meeting on February 2, 2017 [Doc. No. 11]; notice to take deposition on February 3, 2017 [Doc. No. 12]; certificates of service on February 3, 2017 [Doc. Nos. 13, 14]; joint motion for protective order on March 2, 2017 [Doc. No. 16]; notice to take deposition on March 24, 2017 [Doc. No. 18]; certificate of service on April 10, 2017 [Doc. No. 20]; notices to take depositions on May 11, 2017 [Doc. Nos. 21, 22, 23, 24]; response to motion to compel on June 14, 2017 [Doc. No. 28]; certificate of service on November 9, 2017 [Doc. No. 32]; unopposed motion to extend deadline to file dispositive motions on December 1, 2017 [Doc. No. 33]; status report on January 12, 2018 [Doc. No. 46]; unopposed motion for extension of time to file response to defendants' motion for summary judgment on January 22, 2018 [Doc. No. 48]; motion for leave to file exhibits under seal on February 20, 2018 [Doc. No. 53]; responses to defendants' motions for summary judgment on February 20, 2018 [Doc. Nos. 54, 55]; notice of deposition designations on March 3, 2018 [Doc. No. 65]; pretrial disclosure sheet on March 5, 2018 [Doc. No. 68]; motion for leave to appear pro hac vice on March 19, 2018 [Doc. No. 79];

reply to objections to deposition designations on March 20, 2018 [Doc. No. 81]; motion for consideration to bring electronic equipment and demonstrative evidence for use in trial on March 21, 2018 [Doc. No. 82]; proposed voir dire on March 21, 2018; notice of settlement on March 23, 2018 [Doc. No. 86]; and this motion for attorney fees [Doc. No. 87]. Although counsel may have taken a number of depositions, it was still unreasonable for counsel to spend 28 weeks of billable time working on this case.

The hourly rates sought by plaintiff's counsel are unreasonable for the Little Rock legal market. An hourly rate of $350 is the highest rate typically received by very experienced civil rights lawyers. On occasion, John Walker, who is considered the dean of civil rights lawyers, has received $375. Consequently, it would be reasonable to award Judge Olly Neal an hourly rate of $350 (although he seeks a rate of $500 an hour) because his knowledge, experience, skill, and reputation warrant receiving an hourly rate at the high end of what is considered reasonable. No other lawyer appearing for plaintiff warrants an hourly rate of more than $250.

Because the time and hourly rates claimed by the lawyers are so unreasonable, it is almost impossible to determine a reasonable fee based on the loadstar method. For this reason, the settlement will be viewed in order to correlate the fees awarded to the relief obtained. *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (stating that the success obtained is the most critical factor in determining the reasonableness of a fee award); *St. Louis Fire Fighters Ass'n Intern. Ass'n of Fire Fighters Local 73 v. City of St. Louis*, 96 F.3d 323, 332

(8th Cir. 1996) (adjusting the fee award to reflect the success achieved because the fee requested was "grossly excessive").  Alexander settled for $50,000 in back pay, a $7,000 payment to her retirement account, and re-employment with the school district.  Given the settlement and the other factors set forth above, $100,000, or double the back pay awarded to Alexander, is a more than reasonable attorney's fee.  This is bolstered by the fact that it is more than five times what the fee would be if it were awarded based on a 40% contingency.

## II.  COSTS

Plaintiff is awarded $19,367.37 in costs.  Although she seeks $23,927.63, the $3,261.04 for a jury research project, $154.47 in parking and meals, $266.04 in conference room expenses, and $878.71 in "case expense financing" are denied because they are unreasonable costs.

IT IS SO ORDERED this 30th day of August 2018.

_____
UNITED STATES DISTRICT JUDGE